UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60221-CR-MORENO

UNITED STATES OF AMERICA

v.

JOSE CANAURA,

    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and the defendant, Jose Canaura, enter into the following agreement:

1.    The defendant agrees to plead guilty to Count 2 of the indictment, which charges the defendant with theft of goods, that is, tobacco products, valued at $1,000 or more from a motortruck and trailer, which goods were moving as, part of, and constituting an interstate shipment of goods and property, in violation of Title 18, United States Code, Section 659.

2.    This Office agrees to seek dismissal of Count 1 of the Indictment, as to this defendant, after sentencing.

3.    The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements ("Sentencing Guidelines"). The defendant understands and acknowledges that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart

from the Sentencing Guidelines' advisory range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph one and that the defendant may not withdraw his guilty plea solely as a result of the sentence imposed.

4.  The defendant understands and acknowledges that at sentencing as to Count 2, the Court may impose a statutory maximum term of imprisonment of ten (10) years, followed by a term of supervised release of up to three (3) years, and a fine of up to $250,000. In addition, the Court may order forfeiture and must order restitution.

5.  The defendant understands and acknowledges that, in addition to any sentence imposed, a special assessment in the amount of $100.00 will be imposed on him pursuant to Title 18, United States Code, Section 3013. The defendant agrees that the special assessment shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, he agrees to present evidence to this Office and to the Court at the time of sentencing as to the reasons for his failure to pay.

6.  This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and his

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the defendant's sentence.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two (2) levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's clear demonstration of his acceptance of responsibility for his offenses. If at the time of sentencing the defendant's offense level determined prior to the operation of Section 3E1.1(a) is level 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this recommendation and this motion if the defendant: (a) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the government prior to entering this plea agreement; or (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that he may receive, whether that estimate comes from his attorney, this Office, or the

probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges that the defendant may not withdraw his guilty plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

9. The defendant understands and acknowledges that pursuant to Title 18, United States Code, Section 3663A, the Court must order restitution for the full amount of losses to the victims, and that the amount of restitution owed to each victim will be imposed at sentencing, unless the Court orders otherwise.

10. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the offense of conviction in violation of Title 18, United States Code, Section 659. In addition, the defendant agrees to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p). The property includes, but is not limited to, a forfeiture money judgment in the sum of $206,138.40 in United States currency, which sum represents the value of the property subject to forfeiture, and which the United States intends to apply toward restitution.

11. The defendant agrees to fully and truthfully disclose the existence, nature and location of all assets in which he has, or had, any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant also agrees to take all steps requested by this Office for the recovery and forfeiture of all assets identified by this Office as

subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

12. In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the defendant agrees to:

    a. submit a financial statement to this Office upon request, within fourteen (14) days from the request;

    b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of this Office;

    c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case;

    d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

    e. notify, within thirty (30) days, the Clerk of the Court for the Southern District of Florida and this Office of: (1) any change of name, residence, or mailing address, and (2) any material change in his economic circumstances.

13. The defendant understands and acknowledges that providing false or incomplete information about assets, concealing assets, making materially false statements or representations or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for separate prosecution, including under Title 18, United States

Code, Section 1001, or recommendation of a denial of a reduction for acceptance of responsibility pursuant to Section 3E1.1 of the United States Sentencing Guidelines.

14. The defendant knowingly and voluntarily waives: (a) all constitutional, legal and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution, (b) any applicable time limits for administrative or judicial proceedings, (c) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a), and (d) any appeal of the forfeiture.

15. The defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court.

16. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together

with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

17. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which he is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

18. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 9/27/2019      By: _William T. Shockley_
                         WILLIAM T. SHOCKLEY
                         ASSISTANT UNITED STATES ATTORNEY

Date: 9/27/19           _[signature]_
                         ALVIN E. ENTIN
                         COUNSEL FOR THE DEFENDANT

Date: 9/27/19           _[signature]_
                         JOSE CANAURA
                         DEFENDANT

7

Translated by:
Leticia Katro - court interpreter